## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## (FORT LAUDERDALE DIVISION)
### www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| GENEREX BIOTECHNOLOGY CORP., | Case No.   22-BK-13166-PDR |
| Debtor. | |
| MARC P. BARMAT, Chapter 7 Trustee for the estate of the Debtor, Generex Biotechnology Corp., | Adv. Pro. No. |
| Plaintiff, | |
| v. | |
| HMBL CONSULTING LLC, | |
| Defendant. | |

## COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 548, 550; FLA. STAT. §§ 726.105(1)(b) & 726.106(1), AND FOR UNJUST ENRICHMENT

Plaintiff, Marc P. Barmat (the "Plaintiff"), Chapter 7 Trustee for the estate ("Estate") of the above-captioned Debtor, Generex Biotechnology Corp. (the "Debtor"), files this Complaint pursuant to 11 U.S.C. §§ 544, 548, 550, Fla. Stat. §§ 726.105 and 726.106, against the Defendant, HMBL Consulting LLC (the "Defendant"), and alleges:

### NATURE OF THE CASE

1. This is an action: (a) to avoid, pursuant to sections 544, 548 and 550 of title 11 of the United States Code (the "Bankruptcy Code"), certain fraudulent transfers of interests of the Debtor in property; (b) to recover the transfers, pursuant to section 550 of the Bankruptcy Code; and (c) for unjust enrichment.

1

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to cases under title 11, in the United States Bankruptcy Court for the Southern District of Florida (the "Court"), captioned *In re Generex Biotechnology Corp.*, case number 22-BK-13166-PDR pursuant to 28 U.S.C. §§ 157 and 1334(b).

3.      The statutory and legal predicates for the relief sought herein are sections 502, 544, 548 and 550 of the Bankruptcy Code and sections 726.105(1)(b) and 726.106(1) of Florida Statutes.

4.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter final orders for matters contained herein.

5.      Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1409.

6.      Pursuant to Bankruptcy Rule 7008, Plaintiff consents to the entry of final orders or judgments by the Court.

## PARTIES

7.      Plaintiff is the duly appointed and acting Chapter 7 Trustee of the Estate and is authorized to, *inter alia*, investigate, file, prosecute, enforce, pursue, and settle claims of the Estate. (ECF No. 18.)

8.      Upon information and belief, Defendant is a Texas limited liability company and Defendant's principal place of business is Dallas County, Texas.

## PROCEDURAL BACKGROUND

9.      On April 23, 2022 (the "Petition Date"), an involuntary petition for Debtor was filed in this Court under chapter 7 of the Bankruptcy Code.

76629127;1

10.     On June 6, 2022, this Court entered an order for relief.

11.     On June 7, 2022, the Trustee was duly appointed as the Chapter 7 Trustee responsible for administering the Debtor's estate. (ECF 18.)

## FACTUAL BACKGROUND

12.     Debtor is a corporation incorporated under the laws of Delaware.

13.     At all material times, Debtor was a publicly-traded life science holding company as evidenced by its public filings with the Securities and Exchange Commission.

14.     At all material times, Debtor was insolvent.

15.     During the 4-year period preceding Debtor's bankruptcy filing, which was April 23, 2018 to April 23, 2022 (the "Transfer Period"), the Debtor continued to operate its business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various individuals and entities.

16.     During the Transfer Period, Debtor made transfers to Defendant, or incurred an obligation on behalf of Defendant, without receiving a reasonably equivalent value in exchange for the transfer or obligation.

17.     Debtor's transfer(s) to Defendant during the Transfer Period were made when the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

18.     Plaintiff has determined that Debtor made transfer(s) of an interest of the Debtor's property to or for the benefit of Defendant during the Transfer Period through payments aggregating to an amount not less than $69,292.50 (the "Transfer(s)").  The details of the Transfers are set forth on **Exhibit A** attached hereto and incorporated by reference.

19.     Plaintiff has completed an analysis of all readily available information of the Debtors and is seeking to recover all of the fraudulent transfers of an interest of the Debtors' property made by Debtor to Defendant within the Transfer Period.

20.     On or about May 2, 2024, Plaintiff, through counsel, sent a demand letter (the "Demand Letter") to Defendant, seeking a return of the Transfer(s).  The Demand Letter indicated the potential statutory defenses available to Defendant pursuant to 11 U.S.C. §§ 547 and 548 and Fla. Stat. § 726.105, and requested that if Defendant had evidence to support any affirmative defenses, it provide this evidence so Plaintiff could review the same.

21.     Defendant failed to respond to the Demand Letter.

22.     Plaintiff also performed his own due diligence evaluation of the reasonably knowable affirmative defenses available to Defendant based on the Debtor's books and records and did not find evidence reflecting consideration was received by Debtor for the transfer.

23.     Based upon Plaintiff's review of the books and records of Debtor, and the information, if any, provided by Defendant prior to filing this Complaint, Plaintiff has determined that he may avoid some or all of the Transfer(s) even after taking into account Defendant's alleged affirmative defenses, if any.

24.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant by Debtor during the Transfer Period.  It is Plaintiff's intention to avoid and recover all transfers made by the Debtor of an interest of the Debtor in property and to or for the benefit of Defendant or any other transferee that are avoidable as fraudulent transfers, or under the theory of unjust enrichment.

25.     Plaintiff reserves his right to amend this original Complaint to include: (i) further information regarding the Transfer(s), (ii) additional transfers, (iii) modifications of and/or

76629127;1

revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### COUNT ONE
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

26.    Plaintiff hereby incorporates all previous allegations as though fully set forth herein, to the extent they are not inconsistent with allegations contained in this Count One.

27.    Debtor did not receive reasonably equivalent value in exchange for the Transfer(s); and

      A.    Debtor was insolvent as of the date of the Transfer(s), or became insolvent as a result of the Transfer(s); or

      B.    Debtor was engaged, or about to engage, in business or a transaction for which any property remaining with Debtor was an unreasonably small capital; or

      C.    Debtor intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

28.    Based upon the foregoing, the Transfer(s) that occurred within two years of the Petition Date are avoidable and recoverable pursuant to section 548(a)(1)(B) of the Bankruptcy Code.

76629127;1

## COUNT TWO
**(Transfers fraudulent as to present and future creditors – Fla. Stat. § 726.105(1)(b))**

29.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein, to the extent they are not inconsistent with allegations contained in this Count Two.

30.     At the time or times that the Transfer(s) were made, and at the time of the Petition Date, there were creditors of Debtor holding unsecured claims allowable under 11 U.S.C. § 502, and therefore the Trustee is entitled to avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by such creditor under 11 U.S.C. § 544(b)(1).

31.     Debtor made the Transfer(s) to Defendant or incurred an obligation on behalf of Defendant during the Transfer Period without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the Debtor:

      A.     Was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

      B.     Intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

32.     Based upon the foregoing, the Transfer(s) are avoidable and recoverable pursuant to Fla. Stat. § 726.105(1)(b).

## COUNT THREE
**(Transfers fraudulent as to present creditors – Fla. Stat. § 726.106(1))**

33.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein, to the extent they are not inconsistent with allegations contained in this Count Three.

34.     At the time or times that the Transfer(s) were made, and at the time of the Petition Date, there were creditors of Debtor holding unsecured claims allowable under 11 U.S.C. § 502,

76629127;1

and therefore the Trustee is entitled to avoid any transfer of an interest of the Debtor in property that is voidable under applicable law by such creditor under 11 U.S.C. § 544(b)(1).

35.     Debtor made the Transfer(s) to Defendant or incurred an obligation on behalf of Defendant during the Transfer Period.

36.     Debtor made the Transfer(s) or incurred the obligation without receiving a reasonably equivalent value in exchange for the Transfer(s) or obligation and the Debtor was insolvent at that time or the Debtor became insolvent as a result of the Transfer(s) or obligation.

37.     Based upon the foregoing, the Transfer(s) are avoidable and recoverable pursuant to Fla. Stat. § 726.106(1).

## COUNT FOUR
### (Unjust Enrichment)

38.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein, to the extent they are not inconsistent with allegations contained in this Count Four.

39.     Debtor conferred upon Defendant a benefit through Debtor's Transfer(s) to Defendant during the relevant Transfer Period.

40.     Such Transfer(s) from Debtor to Defendant had value.

41.     Defendant accepted and retained the Transfer(s) under circumstances where it would be inequitable for Defendant to retain the Transfer(s) without paying value for the Transfer(s).

42.     Defendant was unjustly enriched by Debtor's Transfer(s) made during the transfer period.

43.     Based upon the foregoing, the Transfer(s) are recoverable pursuant to a theory of unjust enrichment.

76629127;1

## **COUNT FIVE**
### **(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

44.      Plaintiff hereby incorporates all previous allegations as though fully set forth herein, to the extent they are not inconsistent with allegations contained in this Count Five.

45.      Plaintiff is entitled to avoid the Transfer(s) pursuant to sections 544 and 548 of the Bankruptcy Code, Fla. Stat. §§ 726.105(1)(b) and 726.106(1) (collectively, the "Avoidable Transfers").

46.      Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

47.      Accordingly, pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that the Court grant him the following relief against Defendant:

A.      On Plaintiff's Counts One, Two, and Three, judgment in favor of Plaintiff and against Defendant avoiding all of the Transfer(s), on Plaintiff's Count Four, judgment in favor of Plaintiff and against Defendant to return the amounts it has unjustly retained at the expense of Debtor's estate in connection with the Transfer(s), and on Plaintiff's Count Five, judgment in favor of Plaintiff and against Defendant directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to sections 544, 548 and 550 of the Bankruptcy Code, Sections 726.105(1)(b) & 726.106(1) of Florida Statutes, as well as under a theory of unjust enrichment under

76629127;1

Florida common law, plus interest from the date of demand at the maximum legal rate and to the

fullest extent allowed by applicable law, together with the costs and expenses of this action; and

      B.     Such other and further relief as this Court may deem just and proper.

Dated: June 2, 2024                      Respectfully submitted,

                                 By: *  /s/ Eyal Berger*           
Eyal Berger, Esq.
Florida Bar No. 011069
Email:  eyal.berger@akerman.com
**AKERMAN LLP**
201 East Las Olas Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel:  954-463-2700
Fax: 954-463-2224

-and-
Amanda Klopp, Esq.
Florida Bar No. 124156
Email: amanda.klopp@akerman.com
**AKERMAN LLP**
777 S. Flagler Dr. Suite 1100
West Palm Beach, FL 33401
Tel: 561-653-5000
Fax: 561-651-1589
*Counsel for the Plaintiff Trustee*

76629127;1

# EXHIBIT A

| QB Account | Date | Category | Payee | Deposits / Credits | Checks / Debits |
|---|---|---|---|---|---|
| Checking Account RBC 7647 | 08/12/19 | Other | HMBL Consulting LLC | | 10,000.00 |
| Checking Account RBC 7647 | 09/13/19 | Other | HMBL Consulting LLC | | 12,225.00 |
| Checking Account RBC 7647 | 01/30/20 | Other | HMBL Consulting LLC | | 14,887.50 |
| Checking Account RBC 7647 | 08/06/20 | Other | HMBL Consulting LLC | | 1,521.25 |
| Checking Account RBC 7647 | 08/19/20 | Other | HMBL Consulting LLC | | 2,420.00 |
| Checking Account RBC 7647 | 10/15/20 | Other | HMBL Consulting LLC | | 13,802.50 |
| Checking Account RBC 7647 | 10/31/20 | Other | HMBL Consulting LLC | - | |
| Checking Account RBC 7647 | 03/04/21 | Other | HMBL Consulting LLC | | 14,436.25 |
| Checking Account RBC 7647 | 04/30/21 | Other | HMBL Consulting LLC | - | |
| Checking Account RBC 7647 | 04/30/21 | Other | HMBL Consulting LLC | - | |
| Checking Account RBC 7647 | 04/30/21 | Other | HMBL Consulting LLC | - | |
| | | | **HMBL Consulting LLC Total** | - | 69,292.50 |